IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ENRICO E. BROWN, #330-650,<br>    Plaintiff | * |
| | * |
| v. | CIVIL ACTION NO. AMD-07-1439 |
| | * |
| ROBERT A. QUINTANILLA, et al.,<br>    Defendants | * |
| | *** |

MEMORANDUM

On May 31, 2007, the court received plaintiff's complaint for damages, filed pursuant to 42 U.S.C. § 1983, against defendants Robert A. Quintanilla, Marcos Cabrera, and Marcos Fidel Ortiz. Paper No. 1. Plaintiff has not filed a motion for leave to proceed in forma pauperis or paid the $350.00 filing fee. Given plaintiff's incarceration, he shall be granted pauper status. Upon its review of the complaint, however, the court concludes that it shall be dismissed under the provisions of 28 U.S.C. § 1915(e). *See Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 27 (1992); *Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996); *Nasim v. Warden*, 64 F.3d 951, 953 (4th Cir. 1995).

Plaintiff alleges that on July 23, 2006, while he was a passenger in a vehicle owned by Marcos Fidel Ortiz and operated by Marcos Cabrera, the vehicle was stopped and searched by police officers. The search uncovered a handgun and drugs. Plaintiff, together with the driver and another passenger, Robert Quintanilla, were arrested. Plaintiff states that the contraband belonged to defendants and that they assured him they would take all responsibility for same. Paper No. 1.

Essential to sustaining an action under § 1983 are the presence of two elements. Specifically, plaintiff must demonstrate that: (1) he suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the United States; and (2) the act or omission causing the

deprivation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Because there is no allegation that the named defendants, private citizens, were acting under color of law, plaintiff's complaint shall be dismissed pursuant to 28 U.S.C § 1915(e). This dismissal constitutes plaintiff's "first strike" under the Prison Litigation Reform Act. Plaintiff is hereby notified that he may be barred from filing future suits in forma pauperis if he continues to file federal civil rights actions that are subject to dismissal as frivolous or malicious or for failure to state a claim on which relief may be granted under §1915(e) or Fed. R. Civ. P. 12(b)(6).[*]

An Order follows.


Filed: June 8, 2007                                    /s/
                                              Andre M. Davis
                                              United States District Judge

---

[*]28 U.S.C. § 1915(g)provides as follows:
    In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.